*/2—*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**AUG 2 7 1999**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| S.J. WILBURN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | ACTION NO. B-99-21 |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Petitioner S.J. Wilburn (Wilburn) has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent Johnson has filed a Motion to Dismiss pursuant to 28 U.S.C. 2244(d), and a Motion for Summary Judgment. For the reasons stated below, Wilburn's habeas petition should be DENIED, and both of Respondent's Motions should be GRANTED.

Wilburn is an inmate of the Jester III Unit in Richmond, Texas. Wilburn was convicted of attempted murder on July 27, 1979, and sentenced to life imprisonment. *State of Texas v. S.J. Wilburn,* Cause No. 79-CR-259-C. Wilburn's conviction was affirmed by the Thirteenth Court of Appeals on June 17, 1982. *Wilburn v. State,* 636 S.W.2d 371 (Tex. App. – Corpus Christi 1982, no pet.). Wilburn did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Wilburn challenged his conviction in three state applications for a writ of habeas corpus. The Court of Criminal Appeals denied the first without written order on September 14, 1983. *Ex parte Wilburn,* No. 3,226. The court granted relief on Petitioner's second application to the extent that it deleted the deadly weapon finding in the judgment. *Ex parte Wilburn,* No. 70,758. The court denied Wilburn's third application without written order on September 23, 1998. *Ex parte Wilburn,* No. 3,226-04, at cover.

1

Wilburn was released on parole on June 29, 1989. He was subsequently returned to custody on June 11, 1997 for a parole violation. His parole was revoked at a hearing held on October 23, 1997, and he remains incarcerated in Richmond, Texas.

Wilburn now seeks federal habeas relief under 28 U.S.C. §2254 on the following grounds:

1. His parole was improperly revoked, violating his Eighth and Fourteenth Amendment rights;

2. Appellate counsel was ineffective, violating his Sixth and Fourteenth Amendment rights;

3. The evidence was insufficient for conviction, violating his Fourteenth Amendment rights;

4. Trial counsel was ineffective, violating his Sixth and Fourteenth Amendment rights;

5. Evidence was improperly admitted during his trial, violating his Fourteenth Amendment rights.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

## ANALYSIS

### Parole Revocation Hearing

Wilburn's petition for habeas relief on the grounds that his parole was improperly revoked should be dismissed, because there is some evidence to support the Parole Commission's decision to revoke his parole.

Wilburn claims that the improper revocation occurred because the Parole Commission:

1. Failed to consider the circumstances surrounding his plea;

2. Failed to consider mitigating evidence;

3. Considered allegations that Wilburn engaged in sexual misconduct; and

2

4.    Considered his prior conviction.

Wilburn asserts that these acts violated his Eighth Amendment right to be free of cruel and unusual punishment, his Fourteenth Amendment right to equal protection, and his Fourteenth Amendment right to due process.

A court's review of a Parole Commission decision is "quite circumscribed." *Van Etten v. United States Parole Commission,* 96 F.3d 144, 145 (5th Cir. 1996). The court simply asks whether there is some evidence in the record to support the Commission's decision. *Van Etten,* 96 F.3d at 145. The Commission's decision will be affirmed unless its action was flagrant, unwarranted, or unauthorized. *Id.*

Here, the Parole Revocation Hearing Report shows that Exhibits A and B were admitted into evidence. Parole Revocation Hearing Report, p. 3,4. Exhibit A is a certificate of parole dated June 29, 1989. It states that Wilburn's parole is conditioned upon his obedience of all municipal, county, state and federal laws, and that failure to do so will result in his parole being revoked. Exhibit B is a criminal complaint dated November 29, 1997. The complaint charges Wilburn with possession of a controlled substance.

Thus, the Parole Commission had evidence of a violation which was grounds for revocation. As such, there is "some evidence" in the record to support the Parole Commission's decision to revoke Wilburn's parole. Additionally, the documents submitted by both parties show no flagrant, unwarranted, or unauthorized action by the Parole Commission.

Since the Parole Commission was justified in revoking Wilburn's parole, there is no genuine issue of material fact. Therefore, Wilburn's petition for habeas relief on the grounds that his parole was improperly revoked should be DENIED, and Respondent's Motion for Summary Judgment as to the parole revocation hearing should be GRANTED.

**Remaining Grounds**

The remaining grounds for Wilburn's petition, ineffective assistance of appellate counsel, insufficient evidence for conviction, ineffective assistance of trial counsel, and improper admission of evidence at trial, challenge his 1979 conviction. Such claims are time barred. Wilburn attempts to "bootstrap" these untimely claims to the timely challenge to his parol revocation. This

3

technique is unavailing, and the remaining claims should be dismissed because they are neither timely nor has their limitation period been tolled.

      A.    Timeliness

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to all habeas petitions filed after April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 326 (1997). Wilburn filed his §2254 petition on October 20, 1998, therefore his petition is subject to the provisions of the AEDPA.

The AEDPA states that a person in custody may not apply for a writ of habeas corpus more than one year after the date judgment became final either by conclusion of a direct review or by expiration of the time for seeking such review. 28 U.S.C. §2244 (d)(1)(A) (West 1999).

Under the Texas Rules of Appellate Procedure, a party must file a petition for discretionary review with the Texas Court of Criminal Appeals 30 days after the court of appeals rendered judgment. TEX. R. APP. P. 68.2(a). Here, the court of appeals rendered judgment on June 17, 1982. As such, the time to file a petition for discretionary review expired on July 17, 1982. Thus, the judgment became final on July 17, 1982, and the one-year limitation to file a federal habeas petition expired on July 17, 1983. His petition is therefore barred.

However, the Fifth Circuit held that a petitioner whose conviction preceded the AEDPA is allowed a reasonable time period from the date the AEDPA was passed to bring their habeas petition. *United States v. Flores,* 135 F.3d 1000, 1005 (5th Cir. 1998). This reasonable time period runs from April 24, 1996 to April 24, 1997. *Flores,* 135 F.3d at 1006.

Wilburn was convicted on July 27, 1979. As such, his conviction preceded the AEDPA, and he is entitled to this reasonable time period. Yet Wilburn did not file his §2254 petition until October 20, 1998; well beyond the April 24, 1997 deadline. Thus, his petition is still time barred.

      B.    Tolling

Neither statutory nor equitable tolling will render Wilburn's remaining grounds for relief timely.

The limitation period for filing a federal habeas petition is tolled while a state post-conviction review is pending. 28 U.S.C. §2244(d)(2) (West 1999). Wilburn's first, second, and third state habeas petitions were decided on September 14, 1983, on an unspecified date in 1988,

4

and on September 23, 1998, respectively. Since none of these state petitions were pending during the §2244 reasonable time period, they have no tolling effect.

Equitable tolling is likewise unavailing. Under *Fisher v. Johnson,* if the court determines that a case presents sufficiently rare and exceptional circumstances, the AEDPA's statue of limitations may be equitably tolled. *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). Rare and exceptional circumstances are not shown where a petitioner's delay in filing is due to ignorance of the law. *Fisher,* 174 F.3d at 714.

Here, Wilburn asserts that he did not timely file his habeas petition because he wanted to wait until his parole revocation hearing had concluded. (Pet'r Mot. For Extension of Time In Which to File Pet. For Writ of Habeas Corpus Challenging Pet'r 1979 Conviction at 2, 4.) Such tactical error speaks of ignorance of the law. Thus, under *Fisher,* it is not sufficient to show rare and exceptional circumstances, and Wilburn is not entitled to equitable tolling. Consequently, Wilburn's petition remains time barred. Therefore, Wilburns petition for habeas relief on the grounds of ineffective assistance of appellate counsel, insufficient evidence for conviction, ineffective assistance of trial counsel, and improper admission of evidence at trial, should be DENIED, and Respondent's Motion to Dismiss pursuant to §2244 should be GRANTED.

## RECOMMENDATION

For the reasons set forth above,

Respondent's Motion for Summary Judgment as to the parol revocation hearing should be GRANTED,

Respondent's Motion to Dismiss the remaining claims pursuant to §2244 should be GRANTED, and

Wilburn's petition for §2254 habeas relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judges report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

5

a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 26th day of August, 1999.

_____

Felix Recio
United States Magistrate Judge